UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Robert B., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:22-cv-01046-SRU <br><br><br><br><br><br> August 29, 2022 |

### ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Robert B.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his]dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1]  Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision).  In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee."  *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, Plaintiff filed an application to proceed in district court without prepaying fees or costs (short form) on a Form AO 240.  (Doc. #2.)  Other than receiving food stamps in the amount of $350.00 per month he does not indicate that he receives any other income or government benefits of any kind.  (*Id.*)  He states that he owns a 2006 Chevy Avel but does not claim expenses for car insurance, maintenance, property taxes, or gas.  (*Id.* at 2.)  Although he has no income, he nevertheless incurs expenses of $80.00 each month on rent and utilities and states that he has outstanding credit card debt.  (*Id.*)

Perhaps anticipating that the court would ask him to explain how he sustains himself when his expenses exceed his income each month, Plaintiff says that his "sister helps [him] out sometimes to help make ends meet." (*Id.*)

"When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 3:22-CV-00664 (SRU) (TOF), 2022 WL 2069112, at *2 (D. Conn. May

19, 2022) (citing *Amanda M. v. Kijakazi*, No. 3:22-cv-00353 (SRU) (TOF), 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets ... these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status"); *Pierre*, 2018 WL 10072449, at *1 (denying motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid")).

The Court therefore orders that, by September 14, 2022, Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how he supports herself – and, if he receives support from another person, provide a statement of that person's resources and ability to pay the filing fee. Any revised financial affidavit must be completed on the court's Motion for Leave to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1925 and Financial Affidavit in Support of Motion for Leave to Proceed in Forma Pauperis Pursuant to 28 U.S.C. § 1915, attached to this order. *See* https://ctd.uscourts.gov/forms/motion-leave-proceed-forma-pauperis (Form IFP-for-CV-action-Rev-9-17-20).

Plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge
